IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES CONSTANCE AND MARION CONSTANCE, § § | | |
| PLAINTIFFS, | § § | |
| v. | § § | CASE NO. 18-CV-3047-BK |
| INTERSTATE INTRINSIC VALUE FUND A LLC, | § § § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION

Now before the Court is Defendant's *Motion for Summary Judgment.* Doc. 15. For the reasons that follow, the motion is **GRANTED**.

**I. PROCEDURAL HISTORY**

In November 2018, Plaintiffs filed their complaint in this action, seeking to avoid the foreclosure sale of their home (the "Property") by Defendant. Doc. 1-2 at 3-4. They aver that when they purchased the Property, they took out two loans from the same lender: one for 80 percent of the purchase price (the "Primary Mortgage") and one for 20 percent of the purchase price (the "Junior Mortgage"). Doc. 1-2 at 3-4. In 2005, Plaintiffs entered into a loan modification agreement ("the LMA"), which they allegedly believed consolidated the Junior and Primary Mortgages. Doc. 1-2 at 4. From 2005 to 2013, Plaintiffs received no communication regarding the Junior Mortgage. Doc. 1-2 at 4.

In 2013, Defendant, the lienholder of the Junior Mortgage, began sending Plaintiffs mortgage statements and ultimately attempted to foreclose on the Property due to their default. Doc. 1-2 at 4-5. Plaintiffs then initiated this civil action for (1) breach of contract; (2) violation

of the Real Estate Settlement Procedures Act; (3) violation of the Truth in Lending Act; (4) "estoppel"; and (5) declaratory and injunctive relief. Doc. 1-2 at 5-9. Defendant removed the case to this Court based on federal question jurisdiction and, in due course, filed the instant summary judgment motion. Doc. 1 at 2-3; Doc. 15.

## II. APPLICABLE LAW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Nevertheless, a party's conclusory and self-serving statements are insufficient to defeat summary judgment. *Koerner v. CMR Const. & Roofing, LLC*, 910 F.3d 221, 227 (5th Cir. 2018) (holding that "[s]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment," and "a vague or conclusory affidavit [without more] is insufficient to create a

genuine issue of material fact in the face of conflicting probative evidence.") (citation omitted) (alterations in original).

**III. FACTUAL SUPPORT FOR SUMMARY JUDGMENT MOTION**

Defendant has submitted documents in support of its motion which demonstrate the following undisputed facts; (1) Plaintiffs acquired title to the Property in December 2001 by virtue of an "80/20" mortgage lien, both liens with the same lender; (2) both Plaintiffs are parties to the Primary Mortgage in the original amount of $101,600.00, Doc. 16-1 at 2-3 (Warranty Deed with Vendor's Lien); (3) only Charles Constance ("Mr. Constance") executed the note for the Junior Mortgage (the "Note") in the amount of $25,400.00, Doc. 16-2 at 2-3 (Note); (4) both Plaintiffs, however, signed a Purchase Money Deed of Trust ("DOT") to secure repayment of the Note and were designated as "Borrowers" on the signature page of the document, Doc. 16-3 at 2-7; and (5) between 2012 and 2017, Mr. Constance filed for Chapter 13 bankruptcy three times, *see* Doc. 15, Exs. A-L.

In July 2013, Defendant became the holder of the Note and beneficiary of the DOT through a chain of assignments. Doc. 16-4 at 2-7 (Assignments). Since May 2016, the Note has been in default due to the lack of timely payments. Doc. 16 at 2 (Decl. of Defendant's Representative). In November 2017, Defendant notified Plaintiffs of the default and ultimately accelerated the amount due when they failed to remit the cure amount of $54,547.97. Doc. 16 at 2; Doc. 16-5 at 2 (Notice of Default); Doc. 16-6 at 3 (Notice of Acceleration).

In support of their response to Defendant's motion, Plaintiffs have submitted the LMA. Doc. 17-2 at 39-41. In their sworn declarations, they attest that they reasonably believed the Junior Mortgage "no longer existed" after the loan was modified because they received no communication about it from 2005 until Defendant contacted them in 2013. Doc. 17-2 at 5

3

(Decl. of Marion Constance ("Ms. Constance")); Doc. 17-2 at 10 (Decl. of Charles Constance). Plaintiffs also aver that until Defendant raised the issue in this case, they were not aware that Mr. Constance's bankruptcy counsel had ever indicated during those proceedings that the Junior Mortgage was still valid. Doc. 17-2 at 5 (Decl. of Marion Constance); Doc. 17-2 at 10-11 (Decl. of Charles Constance).

## IV. ARGUMENT AND ANALYSIS[1]

The gist of Plaintiffs' claims is that Defendant cannot foreclose because they did not know the Junior Mortgage was still in effect since they received no communication about it from 2005 until 2013. Doc. 1-2 at 4, 6-8. Defendant asserts that Plaintiffs' claims are barred by the judicial admissions Mr. Constance made during his bankruptcy proceedings which demonstrate that he was aware of the Junior Mortgage. Doc. 15 at 5-6, 11-13.

Plaintiffs respond that Mr. Constance did not judicially confess to anything during his bankruptcy proceedings because he did not know that his attorneys had acknowledged the validity of the Junior Mortgage. Doc. 17-1 at 12-13. Plaintiffs allege that if they had known counsel failed to dispute that point, they would have demanded such action. Doc. 17-1 at 8. Plaintiffs next contend that because Ms. Constance is not a party to the Junior Mortgage, Defendant cannot foreclose on her ownership interest in the Property. Doc. 17-1 at 9. In the same vein, Plaintiffs maintain that because Ms. Constance was not a party to her husband's bankruptcies, his alleged judicial admissions cannot be imputed to her. Doc. 17-1 at 4, 12.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc*., 244 F.3d

---

[1] Defendant raises a number of arguments in support of its summary judgment motion, but because its first argument is sufficient to dispose of all of Plaintiffs' claims, the Court will limit its discussion accordingly.

4

474, 476 (5th Cir. 2001). Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. *Id.* "[F]actual assertions in pleadings . . . are considered to be judicial admissions conclusively binding on the party who made them." *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). Nevertheless, "judicial admissions are not conclusive and binding in a separate case from the one in which the admissions are made." *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 329 (5th Cir. 2001) (citation omitted). Thus, any admissions made by Mr. Constance in his bankruptcy proceedings are not binding *per se*, but may still be considered as evidence. *Universal Am. Barge Corp. v. J-Chem.*, 946 F.2d 1131, 1142 (5th Cir. 1991).

During his 2015 bankruptcy proceeding, Mr. Constance signed two schedules under penalty of perjury in which he acknowledged the existence of both the Primary and Junior Mortgages. Doc. 15-7 at 10-11, 27. He filed another schedule to the same effect during his 2017 bankruptcy. Doc. 18-1 at 16-17, 34. "[S]tatements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." *Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D. Tex. 1996) (citation omitted); *see also In re 1701 Commerce, LLC*, 511 B.R. 812, 829 (Bankr. N.D. Tex. 2014) (noting that the "overwhelming majority of courts" have held that bankruptcy schedules can be treated as judicial admissions) (collecting cases).

In view of this probative evidence, the Court finds that the conclusory allegation made by Mr. Constance in his affidavit to the effect that he was unaware of the Junior Mortgage is insufficient to create a genuine issue of material fact. *Koerner*, 910 F.3d at 227. Moreover, even if Mr. Constance was somehow ignorant of this fact, all three of his bankruptcy attorneys repeatedly referred to the mortgages separately, as did the court. *See* Doc. 15-2 at 2 (*Debtor's*

5

*Objection to Trustee's Recommendation* in Case No. 12-36414-SGJ-13); Doc. 15-3 at 3 (*Order on the Trustee's Recommendation* in Case No. 12-36414-SGJ-13); Doc. 15-4 at 3 (*Order Conditioning Automatic Stay* in Case No. 12-36414-SGJ-13); Doc. 15-6 at 3 (*Motion for Continuance of Stay* in Case No. 15-33202-SGJ-13); Doc. 15-9 at 2-3 (*Schedule D: Creditors Who Have Claims Secured by Property* in Case No. 17-34791-SGJ-13). Whether counsel erred in doing so is immaterial because they acted as Mr. Constance's agents, and their actions are binding on him. *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010) (holding that "a party is bound by the acts of her lawyer.").

As to Ms. Constance, whether she was personally aware of the Junior Mortgage during her husband's bankruptcy proceedings is ultimately irrelevant. The Court has found that Mr. Constance was aware of the Junior Mortgage and, due to Plaintiffs' identical interest in preserving the Property as their homestead, Mr. Constance adequately represented his wife's interests in bankruptcy court. As such, Mr. Constance's acts are binding on Ms. Constance. *See Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992) (holding that one individual's participation in a bankruptcy proceeding may bind a non-party, such as a spouse, where the participant is so closely aligned with the non-party's interests as to be her virtual representative).

Finally, it makes no difference that Ms. Constance is neither a party to the Note nor listed as a "grantor" on the DOT. She signed the DOT on the line marked "Borrower" and initialed each page of the document. Doc 16-3. In fact, the DOT addresses this very situation in specifying that a borrower who co-signs the DOT but not the Note (1) is not personally liable on the Note, but (2) conveys their interest in the Property to Defendant's (predecessor) trustee pursuant to the DOT's terms, which allow foreclosure in the event of a default. *See* Doc. 16-3 at 4-6. In sum, Defendant is entitled to summary judgment on each of Plaintiffs' claims.

## V. CONCLUSION

For the reasons stated above, Defendant's *Motion for Summary Judgment*, Doc. 15, is **GRANTED**.

**SO ORDERED** on November 12, 2019.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE